UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TRACY J. SCHRAMM-SUDDUTH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:20-CV-247-JEM |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Tracy Schramm-Sudduth on July 1, 2020, and Plaintiff's Opening Brief [DE 23], filed March 8, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 22, 2021, the Commissioner filed a response, and Plaintiff did not file a response. For the foregoing reasons, the Court remands the Commissioner's decision.

**I.      Background**

On September 22, 2017, Plaintiff filed an application for benefits alleging that she became disabled on June 30, 2014. Plaintiff's application was denied initially and upon consideration. On March 29, 2019, Administrative Law Judge ("ALJ") Genevieve Adamo held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On June 11, 2019, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant has not engaged in substantial gainful activity since September 22, 2017, the application date.

2. The claimant has the following severe impairments: anxiety, depression/bipolar disorder, PTSD, degenerative disc disease with a history of C5-7 fusion, lumbar spondylosis, thoracic degenerative disc disease, COPD, and obesity.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, the undersigned finds that, the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) except never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; avoid unprotected heights and dangerous moving machinery; frequent handling, fingering, reaching, and feeling bilaterally; could tolerate frequent exposure to extreme heat and cold, humidity, fumes, odors, dusts, gases, and poor ventilation, and occasional exposure to vibration; can perform simple routine, and repetitive tasks with no production rate pace like assembly line work with only occasional simple work-related decision making; can maintain attention and concentration for two-hour segments; could respond appropriately to occasional changes in the workplace; could have occasional interaction with supervisors apart from what is necessary for general instruction, task completion, or training and occasional interactions with coworkers and the general public.

5. The claimant is unable to perform any past relevant work.

6. The claimant was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue in this case because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 22, 2017, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 11]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (*O'Connor-Spinner I*); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits

an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner I*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in two areas: that the ALJ erred in analyzing the Park Center mental health opinion; and the ALJ failed to accommodate for Plaintiff's limitations in concentrating, persisting, and maintaining pace and in qualitative interaction.

Plaintiff asserts that the ALJ failed to properly analyze the opinion of Becky Haynes, Plaintiff's psychiatric mental health nurse practitioner. Ms. Haynes, as a nurse practitioner, is considered an acceptable medical source under the regulations, as Plaintiff's claim was filed after March 27, 2017. 20 C.F.R. § 416.902(a)(7). Since Ms. Haynes is an acceptable medical source, the ALJ must articulate her consideration of the medical opinion. The ALJ considers five factors when

4

considering medical opinion evidence. Those five factors are: supportability; consistency; relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship); specialization; and other factors. 20 C.F.R. § 416.920(c). The most important factors are supportability and consistency, and the ALJ "will explain how [she] considered the supportability and consistency factors for a medical source's medical opinions … in [the] determination or decision." 20 C.F.R. § 416.920(b)(2).

"If the ALJ discounts the physician's opinion after considering these factors, we must allow that decision to stand so long as the ALJ 'minimally articulated' his reasons." *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (quoting *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008)). An ALJ may discount a treating medical opinion if it "is inconsistent with the opinion of a consulting physician or when the treating physician's opinion is internally inconsistent, as long as [s]he minimally articulates [her] reasons for crediting or rejecting evidence of disability." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004). The ALJ must, however, explain what weight she is giving to the opinion. *Hamilton v. Colvin*, 525 F.App'x 433, 438 (7th Cir. 2013) ("The most obvious problem is that the ALJ said she was giving the doctors' opinions 'appropriate weight' without specifying how much weight is appropriate.").

Ms. Haynes opined that Plaintiff would be seriously limited, unable to meet competitive standards, or unable to function in all but one area: the ability to be aware of normal hazards and take appropriate precautions. AR 1740-41. Ms. Haynes opined that Plaintiff would miss more than four days per month. AR 1741. The ALJ found this opinion to be "extreme and not consistent with mental health treatment records from Park Center showing that the claimant is inconsistent with therapy services. In addition, treatment records reflect the claimant has shown progress at times."

5

AR 39.

The ALJ did not explain how much weight she gave to the opinion of Ms. Haynes and appears to have completely discounted it with very little explanation. The ALJ has provided no evidence that Ms. Haynes' opinions are "not supported by the record" as the ALJ claims in the decision. AR 39. The ALJ must "provide a 'logical bridge' between the evidence and [her] conclusions," and she has failed to do so in this case. *O'Connor-Spinner*, 627 F.3d at 618. The ALJ has not identified any specific evidence that she relied on in discounting Ms. Haynes' opinion but simply states that "treatment records reflect the claimant has shown progress at times." AR 39. The ALJ's use of the language "at times" implies that Plaintiff's treatment record indicates fluctuating mental health symptoms. To the extent that the ALJ relied on occasional progress to indicate that Plaintiff's mental impairments are not as severe as Ms. Hayne's opined, this is improper.

The ALJ may not cherry-pick mental health evidence of better days in order to discount the physician opinions in the record. *See, e.g., Punzio v. Asture*, 630 F.3d 704, 710 (7th Cir. 2004) ("[A] person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition."). Indeed, "symptoms that 'wax and wane' are not inconsistent with a diagnosis of recurrent, major depression. 'A person who has a chronic disease, whether physical or psychiatric, and is under continuous treatment for it with heavy drugs, is likely to have better days and worse days.'" *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) (quoting *Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008)). Plaintiff suffers from bipolar disorder, and "[t]he very nature of bipolar disorder is that people with the disease experience fluctuations in their symptoms, so any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated." *Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011). The ALJ erred in relying on occasional progress to find that Plaintiff's severe mental impairments

were not as severe as opined by Ms. Haynes.

The ALJ further erred in failing to properly weigh Ms. Haynes' opinion by failing to support the decision with evidence from the record. The Commissioner asserts that the ALJ "acknowledged and highlighted various symptoms reported by Plaintiff," and found that "Plaintiff's daily activities supports a higher level of function than Plaintiff alleges." Resp. p. 6-7. The ALJ provided a long description of the medical evidence in her opinion, AR 34-39, but did not address any of this evidence in her analysis of Ms. Hayne's opinion. AR 39. "A list of evidence punctuated with a conclusion does not discharge an ALJ's duty to form a logical bridge between the evidence and [her] conclusion that [Plaintiff] has no marked limitations." *Pimentel v. Astrue*, No. 11 CV 8240, 2013 U.S. Dist. LEXIS 2548, at *25 (N.D. Ill. Jan. 8, 2013); *see also Smith v. Astrue*, No. 02 CV 6210, 2011 U.S. Dist. LEXIS 17691, at *31 (N.D. Ill. Feb. 22, 2011) ("cataloguing [the evidence] is no substitute for analysis or explanation."). All of the errors described above require remand.

The ALJ failed to explain what weight she gave Ms. Hayne's opinion, failed to properly analyze what portions of the opinion were either supported or contradicted by which portions of the medical record, and improperly relied on occasional progress to discount Ms. Hayne's medical opinion.

This matter is being remanded due to the ALJ's errors in evaluating medical opinion evidence. Plaintiff also argues that the ALJ erred in evaluating Plaintiff's mental RFC. On remand, the ALJ is directed to consider all of the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to the conclusion.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's

Opening Brief [DE 23] and **REMANDS** this matter for further proceedings consistent with this opinion.

      SO ORDERED this 13th day of August.

                                        s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record